UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF OKLAHOMA



FILED
DEC - 6 2007
WILLIAM B. GUTHRIE
Clerk, U.S. District Court
By _____
Deputy Clerk

**WILLIAM MARK BONNEY**, Chapter 13 Trustee, AND **SHERRY GIBSON**, F/K/A **SHERRY WYNNE**,

Plaintiffs,

v.

**LAWRENCE W. PARISH** and **JEREMY T. PITTMAN**, individually and d/b/a **TOLLE & PARISH**,

Defendants.

Case Number:

CIV 07 - 422 - KEW

**JURY TRIAL DEMANDED**

## COMPLAINT

Plaintiffs allege and state as follows:

### PARTIES

1. Plaintiff William Mark Bonney is the Standing Chapter 13 Trustee for the United States Bankruptcy Court in the Eastern District of Oklahoma ("Trustee") and the Trustee for the bankruptcy estate of Sherry Gibson, Bankruptcy Case No. 03-74782-TRC (the "Bankruptcy Case").

2. Plaintiff Sherry Gibson, formerly known as Sherry Wynne ("Mrs. Gibson"), is a resident of the Okfuskee County, State of Oklahoma.

3. Defendant, Lawrence W. Parish ("Parish") is a resident of the State of Oklahoma, residing in Okfuskee County.

4. Defendant Jeremy T. Pittman ("Pittman") is a resident of the State of Oklahoma, residing in Okfuskee County.

5. During the relevant time period, both Pittman and Parish were licensed attorneys, who did business as Tolle & Parish, an unincorporated law firm having offices at 127 N Fourth Street, Okemah, Oklahoma.

6. In November 2005, Parish was appointed as a Judge of the District Court for Okfuskee County, State of Oklahoma.

## JURISDICTION AND VENUE

7. This Court has exclusive jurisdiction over this matter pursuant to 28 U.S.C. §157(b)(2)(B) and F.R.B.P. 3007 and 7001(1), as this is a core proceeding in the Bankruptcy Case.

8. The actions complained of occurred within the Eastern District of Oklahoma.

## FACTS GIVING RISE TO CLAIMS FOR RELIEF

9. On March 23, 2001, Gypsum Enterprises, Inc. ("Gypsum"), a California corporation, filed a foreclosure action in Okfuskee County, State of Oklahoma, against Mrs. Gibson under her former name, Sherry Wynne, Case No. CJ-01-51 (the "Action"), alleging that Mrs. Gibson had defaulted on a Promissory Note for the principal amount of $70,000 secured by a Deed of Trust constituting a mortgage on Mrs. Gibson's homestead (the "Petition).

10. On or about June 4, 2001, Mrs. Gibson employed Parish, who had previously represented her in a divorce proceeding, to defend her in the Action.

11. On June 6, 2001, Parish entered his appearance in the Action. Until October 26, 2002, Mrs. Gibson dealt solely with Parish or the Tolle & Parish staff. Thereafter Mrs. Gibson did not see Parish until the trial, but dealt with Pittman and the Tolle & Parish staff.

12. On June 12, 2003, Judge Rahal commenced a non-jury trial of the Action. Both Pittman and Parish appeared with Mrs. Gibson at the trial. At the conclusion of the trial, the court entered judgment for Gypsum against Mrs. Gibson, foreclosing the mortgage and awarding attorney fees and costs (the "Judgment").

13. On August 1, 2003, Pittman filed an appeal of the Judgment.

14. On October 7, 2003, special execution issued as Mrs. Gibson was unable to post the necessary bond.

15. On December 1, 2003, Mrs. Gibson filed Chapter 13 bankruptcy in the Eastern District of Oklahoma, Case No. 03-74781-TRC (the "bankruptcy case"), and notice of the automatic stay was filed in the Action on December 4, 2003.

16. On December 15, 2003, Gypsum filed a creditor's claim in the bankruptcy case for the Judgment in the amount of $111,599.57. In accordance the bankruptcy payment plan, Mrs. Gibson was ordered to pay Gypsum a total approximate amount of $83,599 in periodic payments to satisfy the Judgment.

17. On January 28, 2004, Pittman, d/b/a Tolle & Parish, filed a claim against Mrs. Gibson in the bankruptcy case in the amount of $11,762.19 for unpaid attorney fees incurred in the Action. Pittman then attempted to withdraw from representing Mrs. Gibson in her appeal but reconsidered and continued to represent her until he withdrew sometime after filing the reply brief on May 3, 2004.

18. On July 12, 2005, the Court of Appeals affirmed the Judgment.

19. Mrs. Gibson subsequently retained new counsel who, on August 23, 2005, entered an appearance and filed a petition for rehearing, which was denied, and then filed a

petition for certiorari on September 22, 2005, which was denied. Mandate, which was issued on December 7, 2005, was spread of record on December 12, 2005.

20. Mrs. Gibson has paid Tolle & Parish's claim in full. Additionally, Mrs. Gibson had previously paid the Defendants monies for attorney fees and costs in the approximate amount of $5,000. Additionally, Mrs. Gibson paid or incurred approximately $8,000 to hire replacement appellate counsel to represent her in her appeal.

21. Mrs. Gibson has also paid the bankruptcy filing fee of $194 and $1,500 in attorney fees for her bankruptcy counsel.

22. Upon completion of her bankruptcy case, Mrs. Gibson will have paid $108,680 into the Trustee under the terms of her Chapter 13 plan.

### MRS. GIBSON'S BASES FOR RELIEF

#### (Objection to the Defendants' Claim in the Bankruptcy Case)

23. Mrs. Gibson incorporates the allegation of forgoing paragraphs 1-22.

24. Mrs. Gibson objects to the claim of Pittman, Parish and/or Tolle & Parish, as well as to the payment of that claim in the Bankruptcy Case. Defendants did not perform the services to Mrs. Gibson as contracted for and their creditors' claim was not supported by good or valuable consideration.

#### (Breach of Contract)

25. Mrs. Gibson incorporates the allegation of forgoing paragraphs 1-24.

26. The Defendants wholly failed or refused to perform the services for which they were engaged, including but not limited to the failure to investigate, failure to conduct discovery, failure to subpoena witnesses and failure to prepare and develop the case for trial.

### (Negligence)

27. Mrs. Gibson incorporates the allegations of forgoing paragraphs 1-26.

28. The Defendants did not possess that degree of knowledge and ability possessed by other Oklahoma attorneys, and wholly failed or refused to exercise ordinary care, diligence, and judgment in the performance of the services they undertook to perform for Mrs. Gibson.

### DAMAGES

29. As the direct and proximate result of the Defendants' negligence, Mrs. Gibson has sustained actual pecuniary damages in excess of $100,000, which she would not have sustained absent the Defendant's breach of contract and/or negligence. Additionally, Mrs. Gibson has suffered mental, physical and emotional damages for which she should be compensated in an amount to be determined by the trier of fact.

### EXEMPLARY DAMAGES

30. The Defendants' conduct respecting Mrs. Gibson's defense evidences their gross negligence and their reckless and conscious disregard of their duties to their client and warrants the imposition of punitive damages.

### TRUSTEE'S ONLY BASIS FOR RELIEF
### (Return of Monies Paid From the Bankruptcy Estate on Defendants' Claim)

31. Based upon the allegations of forgoing paragraphs 1-28, Mr. Bonney, as Trustee, requests return on behalf of the Bankruptcy Estate of the monies paid to Defendants upon their claim in the Bankruptcy Case, in the amount of $11,762.19, which has been fully paid.

WHEREFORE, Plaintiffs pray for judgment in their favor upon the relief each of them has respectively requested, together with costs, interest, attorney fees and any other relief this Court deems just and equitable.

Respectfully submitted,

*[signature]*

R. Jack Freeman, OBA No. 3128
Sheila M. Bradley, OBA No. 13449
GRAHAM & FREEMAN, P.L.L.C.
6226 East 101st Street, Suite 300
Tulsa, Oklahoma 74137
Telephone: (918) 298-1716
Facsimile: (918) 298-1728
Email: jfreeman@grahamfreeman.com
ATTORNEYS FOR PLAINTIFFS

ATTORNEY'S LIEN CLAIMED

6